# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Jeffery Beard,
    Petitioner,

vs.                                    Case No. 1:07cv932
                                        (Dlott, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for ruling on respondent's motion to dismiss filed March 4, 2008 (Doc. 7), which petitioner opposes (Doc. 8).

### Procedural Background

      On December 3, 2002, the Hamilton County, Ohio, grand jury returned a six-count indictment charging petitioner with three counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A) and three counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2); firearm specifications were attached to two of the aggravated robbery counts (Counts 3 and 5). (Doc. 7, Ex. 1).

      On March 25, 2003, petitioner pleaded guilty to one of the aggravated robbery counts (Count 1) and one of the robbery counts (Count 2). (*Id.*, Ex. 2). He was sentenced the same date to an eight (8) year term of imprisonment for the aggravated

robbery offense.¹ (*Id.,* Ex. 3).

The matter proceeded to jury trial on the four remaining charges, and the specifications attached to the two remaining aggravated robbery counts. On March 27, 2003, the jury found petitioner guilty as charged. (*Id.,* Ex. 4). On July 16, 2003, petitioner was sentenced "nunc pro tunc 3-28-03" to consecutive six (6) year prison terms for the two aggravated robbery offenses, as well as three (3) year mandatory prison terms on the firearm specifications attached to those two counts;² these sentences were to be served consecutively to the eight-year sentence previously imposed on March 25, 2003 after petitioner pleaded guilty to Counts 1 and 2, for an aggregate prison term of twenty-six (26) years. (*Id.,* Ex. 5).

With the assistance of counsel, petitioner appealed to the Ohio Court of Appeals, First Appellate District, claiming in a brief filed December 9, 2003 that the trial court erred (1) in failing to sever the counts of the indictment; (2) in overruling his motions for judgment of acquittal; and (3) in "finding him guilty following a trial composed of insufficient evidence." (*Id.,* Exs. 6, 7). On July 14, 2004, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 9).

Next, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court, which was first "received" by the Clerk of that court on October 14, 2004, but was not "filed" until November 8, 2004. (*Id.,* Exs. 10, 11). On December 29, 2004, the Ohio Supreme Court denied petiitoner's motion for delayed appeal and dismissed "this cause." (*Id.,* Ex. 12).

In the meantime, on October 20, 2004, petitioner filed a *pro se* application for reopening of the appeal with the Ohio Court of Appeals, First Appellate District, claiming that his appellate counsel was ineffective in failing to raise certain ineffective assistance of trial counsel claims on direct appeal. (*Id.,* Ex. 13). On November 4, 2004, the Ohio Court of Appeals overruled the application on the ground that "appellant has failed to provide sufficient reasons for failure to timely file

---

¹The robbery count was merged with the aggravated robbery charge for purposes of sentencing. (*See* Doc. 7, Ex. 3).

²Again, the two remaining robbery counts were merged with the corresponding aggravated robbery charges for purposes of sentencing. (*See* Doc. 7, Ex. 5).

2

his motion to reopen his appeal as of right." (*Id.*, Ex. 14).

Thereafter, on November 22, 2004, petitioner filed a "delayed application ... to reopen appeal" with the Court of Appeals, wherein he argued that his initial reopening application had been timely filed. (*Id.*, Ex. 15). The Court of Appeals overruled petitioner's application on December 16, 2004, finding once again that "appellant has failed to provide sufficient reasons for failure to timely file his motion to reopen his appeal as of right." (*Id.*, Ex. 16). In addition, the court stated: "Appellate Rule 26(B) specifically provides that the 90 day [period for filing a timely reopening application] begins on the date the appellate judgment is journalized, not the date it is received." (*Id.*).

Petitioner took no further action to challenge his convictions or sentence until June 27, 2006, when he filed a "motion to correct unlawful sentence" under Ohio R. Crim. P. 57(B) with the Hamilton County Common Pleas Court. (*See id.*, Ex. 17). In the motion, petitioner claimed for the first time that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), as applied by the Ohio Supreme Court to Ohio's sentencing statutes in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). (*Id.*). The motion was denied without opinion on June 29, 2006. (*Id.*, Ex. 18).

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, which issued a Judgment Entry May 16, 2007 affirming the trial court's judgment. (*See id.*, Exs. 19-20, 22). The state appellate court reasoned that Ohio R. Crim. P. 57(B) did not "provide an avenue of relief from an unlawful sentence" and that the common pleas court should have construed the motion as a petition for post-conviction relief under Ohio Rev. Code § 2953.21. (*Id.*, Ex. 22). The court further reasoned that petitioner filed his "collateral postconviction challenge to his sentences well after the time afforded by R.C. 2953.21(A)(2)," and that the common pleas court therefore lacked jurisdiction to entertain the untimely petition. (*Id.*, pp. 2-3).

Petitioner next appealed to the Ohio Supreme Court. (*See id.*, Exs. 23-24). On September 26, 2007, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any susbstantial constitutional question." (*Id.*, Ex. 26).

The instant federal habeas corpus petition was officially filed with the Court

3

on November 6, 2007. (Doc. 1). However, under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Here, petitioner avers in the petition that he placed the petition in the prison mailing system on October 17, 2007. (Doc. 1, p. 14). Therefore, the undersigned will assume that the petition was "filed" under the prison mail-box rule on October 17, 2007.

In the petition, petitioner presents the following two related grounds for relief challenging his sentence under *Apprendi, Blakely* and *Foster*:

> **Ground One:** Petitioner was deprived of due process by being convicted of uncharged sentencing enhancement elements by judicial fact finding . . . of elements never alleged in the charging instrument, depriving Petitioner of any notice or opportunity to be heard on these elements. Further, the state was not held to its burden of proof on these elements, rendering the evidence insufficient as a matter of law to sustain the elements. . . .
>
> **Ground Two:** Petitioner's right to trial by jury was violated by judicial factfinding of uncharged sentence enhancement elements.

(Doc. 1, pp. 6-7).

In response to the petition, respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 7). Petitioner opposes the motion to dismiss. (Doc. 8).

## OPINION

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from

4

the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's claims for relief. Respondent argues that petitioner's claims accrued before petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review; therefore, it is respondent's position that the statute of limitations set forth in § 2244(d)(1)(A) applies, which began to run when the 45-day period expired on August 30, 2004 for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' July 14, 2004 direct appeal decision. (Doc. 7, Brief, p. 7). In contrast, an argument can be made that either § 2244(d)(1)(C) or (D) applies to arguably delay the commencement of the limitations period.[3]

First, the Court concludes that § 2244(d)(1)(D) does not govern petitioner's claims for relief. Petitioner does not contend that he was unaware at the time of sentencing that the trial court was imposing non-minimum consecutive sentences after making certain findings required under Ohio's sentencing statutes. Therefore, the factual predicate underlying petitioner's claims was discoverable in the exercise of due diligence at the time petitioner was sentenced in March 2003 and, at the latest, by the time the "nunc pro tunc" sentencing entry was filed on July 16, 2003. (*See* Doc. 7, Exs. 3, 5).

---

[3] It is noted that no facts have been alleged even remotely suggesting that the instant petition may be governed by 28 U.S.C. § 2244(d)(1)(B), which is applicable to cases involving an impediment to filing created by state action in violation of the Constitution or laws of the United States  Therefore, the undersigned concludes that § 2244(d)(1)(B) does not apply to the case-at-hand.

Second, for the limitations provision set forth in § 2244(d)(1)(C) to apply, it must be established that the legal basis for petitioner's claims was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." In this case, petitioner essentially alleges that the non-minimum consecutive sentences that were imposed by the trial court in March 2003 are unconstitutional under the Supreme Court's decisions in *Apprendi* and *Blakely*, particularly in light of the Ohio Supreme Court's *Foster* decision, wherein certain provisions of Ohio's sentencing statutes were held to be unconstitutional under *Blakely*.

As an initial matter, petitioner cannot rely on the Supreme Court's *Apprendi* decision as advancing any argument for the applicability of § 2244(d)(1)(C) to this case. In *Apprendi*, the Supreme Court held for the first time that the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that the defendant is guilty beyond a reasonable doubt of any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum. However, *Apprendi*, which was decided in March 2000, did not announce a "newly recognized" constitutional right by the time petitioner was sentenced three years later in March 2003.

In addition, it is well-settled in the Sixth Circuit that neither *Blakely* nor a later Supreme Court decision extending *Blakely* to the federal sentencing guidelines, *see United States v. Booker*, 543 U.S. 220 (2005), apply retroactively to cases on collateral review, where the conviction previously became final by the conclusion of direct review or expiration of time for seeking such review. *See, e.g., Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir.), *cert. denied*, 126 S.Ct. 199 (2005); *Spiridigliozzi v. United States*, 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *cf. Allen v. Moore*, 1:05cv731, 2007 WL 651248, at *4 & n.1 (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (noting that *Blakely* applied in case where the petitioner was sentenced pre-*Blakely*, but his direct appeal was still pending on the date *Blakely* was decided).[4]

---

[4]In *Allen, supra*, 2007 WL 651248, at *4 n.1., the court quoted as follows from the Supreme Court's decision in *Beard v. Banks*, 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)): "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'"

Here, petitioner's conviction became final in August 2004, before *Booker* was decided in January 2005 but within a few months after *Blakely* was decided. Because *Booker* was decided long after petitioner's conviction and sentence became final on direct appeal, it is not retroactively applicable in the instant case and cannot be relied on to delay the limitations period under § 2244(d)(1)(C).

Moreover, although an argument can be made that *Blakely* may be retroactively applied to petitioner's sentence because the case was decided by the Supreme Court when petitioner's direct appeal was still pending before the Ohio Court of Appeals, petitioner's cause of action under § 2244(d)(1)(C) would have accrued on June 24, 2004, the date *Blakely* was decided, and the statute of limitations would have begun to run a day later on June 25, 2004, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). June 25, 2004 is an earlier starting date for the running of the statute of limitations than the § 2244(d)(1)(A) accrual date of August 30, 2004. Therefore, to the extent *Blakely* may be retroactively applicable within the meaning of § 2244(d)(1)(C), because the limitations period beginning June 25, 2004 is not the "latest" limitations period available to petitioner, that provision does not govern petitioner's *Blakely* claims in the case-at hand.

Finally, petitioner cannot rely upon *Foster*, which was decided on February 27, 2006, to delay the limitations period under § 2244(d)(1)(C), because *Foster* was not decided by the United States Supreme Court. In any event, in *Foster,* the Ohio Supreme Court expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because the appeal period expired in this case in August 2004, approximately one and one-half years before *Foster* was decided, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

Accordingly, the Court concludes, as respondent has contended, that petitioner's claims for relief in the instant petition are governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. In this case, the statute of limitations commenced running on August 31, 2004, one day after the 45-day period expired in which to file a timely appeal to the

Ohio Supreme Court from the Ohio Court of Appeals' July 14, 2004 direct appeal decision. *See* Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 285. The statute expired one year later on August 31, 2005 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz*, 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000); *Gaskins v. Duval*, 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States*, 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied*, 526 U.S. 1113 (1999); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell*, 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied*, 522 U.S. 1149 (1998).

The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis*, 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied*, 531 U.S. 840 (2000); *Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania*, 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid*, 991 F. Supp. at 259; *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo*, 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, the statute of limitations, which commenced running on August 31, 2004, ran 45 days before petitioner's motion for delayed appeal was first "received" by the Ohio Supreme Court on October 14, 2004.[5] The undersigned will assume, *arguendo*, in petitioner's favor that the statute was tolled beginning October 14, 2004, as

---

[5]Although arguably part of direct review, the delayed appeal motion could not serve to restart the clock at zero, but rather only served to pause the clock during the pendency of the delayed appeal motion before the Ohio Supreme Court. *See, e.g., Decenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006); *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001).

8

opposed to November 8, 2004, the date the motion was actually "filed" with the court. The statute of limitations commenced running again on December 30, 2004, the day after the Ohio Supreme Court denied petitioner's delayed appeal motion,[6] and expired 321 days later on November 16, 2005 absent any further statutory tolling of the limitations period by a "properly filed" state collateral review application.[7]

In this case, petitioner did nothing further to challenge his conviction or sentence in the state courts until he filed his "motion to correct unlawful sentence" on June 27, 2006, over seven months after the statute of limitations expired in November 2005. This later-filed motion, which was construed as a post-conviction petition, therefore did not serve to toll the limitations period under § 2244(d)(2).

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

---

[6]The Supreme Court has held that the statute of limitations is not tolled under § 2244(d)(2) during the pendency of a petition for writ of certiorari to that Court from a state court's final post-conviction or collateral review decision. *See Lawrence v. Florida,* 127 S.Ct. 1079, 1083-84 (2007). In light of *Lawrence,* prior Sixth Circuit precedent on this issue no longer may be applied to include for tolling purposes the period of time in which a petitioner could have but did not seek certiorari review by the United States Supreme Court. *See Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004).

[7]The reopening proceedings first initiated by petitioner on October 20, 2004, *after* the statute of limitations was tolled on October 14, 2004, concluded on December 16, 2004, *before* the statute commenced running again on December 30, 2004. Therefore, even if petitioner's reopening applications were "properly filed" within the meaning of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2), they did not serve to extend the tolling of the limitations period beyond the period of time from October 14 through December 29, 2004 that petitioner's motion for delayed appeal was pending before the Ohio Supreme Court.

9

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap.*

Accordingly, in sum, the Court concludes that the instant petition, which the Court assumes was "filed" under the prison mail-box rule on October 17, 2007, is time-barred. Under § 2244(d)(1)(A), the statute of limitations commenced running on August 31, 2004 and expired on November 16, 2005 after taking into account the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2). Equitable tolling principles do not apply to extend the limitations period in this case.

It is, therefore, **RECOMMENDED** that respondent's motion to dismiss the petition as time-barred (Doc. 7) be **GRANTED**. *Cf. Savage v. Moore,* No. 1:06cv2963, 2008 WL 341349 (N.D. Ohio Feb. 5, 2008) (unpublished) (reaching same conclusion in analogous case); *Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173 (N.D. Ohio Nov. 30, 2007) (unpublished) (same); *Winters v. Warden, Noble Corr. Instit.,* No. 1:06cv428, 2007 WL 2733995 (S.D. Ohio Sept. 13, 2007) (Dlott, J.) (unpublished) (same); *Wilson v. Wolfe,* No. 1:06cv542, 2007 WL 2446582 (S.D. Ohio Aug. 23, 2007) (Beckwith, J.) (unpublished) (same).[8]

---

[8]This case differs from those cited above to the extent that *Blakely* may be retroactively applicable to petitioner, whose appeal was still pending before the Ohio Court of Appeals at the time *Blakely* was decided. However, even so, as discussed above, *see supra* p. 7, the applicable statute of limitations in this case remains § 2244(d)(1)(A), because it provided the "latest" date from which the limitations period could begin to run.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED,** and that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not "find it debatable whether this Court is correct in its procedural ruling."

Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in either of his grounds for relief. *See Slack*, 529 U.S. at 484. However, it is noted that even assuming, *arguendo,* petitioner's claims for relief are not time-barred, it appears that under the circumstances of this case, petitioner has not alleged a viable constitutional claim.[9]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be not taken in "good faith"

---

[9] As discussed above, petitioner's sentence is not subject to constitutional challenge under *Foster* or *Booker*. Moreover, prior to *Blakely,* petitioner would not have been able to obtain relief based solely on *Apprendi,* which at that time applied only to cases where the penalty was increased by the trial court beyond the prescribed statutory maximum for a crime. Although it appears that *Blakely* was retroactively applicable to petitioner, whose appeal was pending before the Ohio Court of Appeals when *Blakely* was decided, it appears that petitioner has waived any *Blakely* claim as a result of his procedural default in failing to raise the claim on direct review or in his reopening applications; although petitioner finally raised the claim in his "motion to correct unlawful sentence" filed in June 2006, the state courts relied on an adquate and independent state ground in refusing to address the merits of the claim because it was raised in an untimely post-conviction petition. *See, e.g., Harris v. Reed,* 489 U.S. 255, 260-62 (1989).

and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 9/3/08

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\07-932grantMTD.sol-blakely-foster.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Jeffery Beard,
    Petitioner,

                                      Case No. 1:07cv932

    v.                                  (Dlott, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus actio brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Jeffery Beard 447-454<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7007 0710 0000 8130 4976 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:07cv932 Doc.9